Case 1:19-mc-00007-UNA   Document 1   Filed 01/17/19   Page 1 of 4



**FILED**

**JAN 1 7 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE H. PARKS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HOME LOAN BANK OF SAN FRANCISCO, *et al.*, <br><br> Defendants. | Civil Action No. (BAH) <br><br> Chief Judge Beryl A. Howell <br><br> Case: 1:19-mc-00007 <br> Assigned To : Unassigned <br> Assign. Date : 1/17/2019 <br> Description: Misc. |

## ORDER

Pending before the Court is Lawrence H. Parks and Timothy L. Simons' Motion to File Complaint Under Seal. *See* LCvR 40.7(g) (providing that the Chief Judge shall "hear and determine . . . motions in any case not already assigned" including "motion[s] to seal the complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court."). The plaintiffs' motion is denied.

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). The six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), courts should consider in determining whether that presumption may be overcome include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

1

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)). In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake," *id.* at 666.

The plaintiffs' Complaint alleges a claim of breach of contract arising from the defendants' alleged failure to fulfill their obligations under an agreement reached during mediation. Due to the nature of the detailed background provided in the Complaint, the plaintiffs seek to file the Complaint under seal because it "details sensitive financial matters, as well as confidential settlement negotiations which took place before, during and after mediation in this matter." Pls.' Mem. in Supp. of Mot. to Seal ("Pls.' Mem.") at 1. The plaintiffs argue that sealing would "preserve the confidentiality of the settlement and the integrity of the confidential mediation process, and . . . honor the Parties['] desire to resolve this matter prior to and without a public filing." *Id.*

Although the plaintiffs discuss the relevant *Hubbard* factors, *see id.* at 2–3, their conclusory statement that "there is no need for public access" to the Complaint, *id.* at 2, fails adequately to address the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted). The default is that the Complaint be filed publicly. The plaintiffs have failed to offer sufficient reason why that default should not apply here.

Any concern the plaintiffs have with the revelation of "sensitive financial information," Pls.' Mem. at 3, can be addressed by submitting an amended Complaint with such information largely removed or described in more general terms. Despite the plaintiffs' statement that "all parties wished to resolve their dispute outside of litigation," *id.* at 3, in the non-public forum of arbitration, this wish on the part of the parties does not overcome the public's presumptive and substantial interest in knowing the details of judicial litigation. *See Hardaway*, 843 F.3d at 980.

The cases that the plaintiffs cite in support of their motion are better read to support the Court's decision to deny their motion. *See* Pls.' Mem. at 2–3 (citing *Hardaway*, 843 F.3d at 980–81; *Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016); *Am. Prof'l Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 24 (D.D.C. 2013)). In *Hardaway*, the D.C. Circuit held that the district court erred in denying a motion to seal a complaint and related medical records. 843 F.3d at 980. The D.C. Circuit concluded that the plaintiff "possesse[d] a strong privacy interest in keeping the details of her disability confidential," *id.*, and therefore her medical records should be sealed and any descriptions of her disability in filings should be redacted, *id.* at 980–81. No such records are at issue in the instant Complaint, and the plaintiffs have failed to establish that their privacy interest in the details of their mediation justifies a sealing order, especially where the Complaint could be amended to describe those details more generally. In *American Professional Agency*, the Court denied a motion to seal a consent order after concluding that the matter did not concern the type of interests typically appropriate for a sealing order, such as matters concerning national security or issues affecting the privacy and reputation of the victims of crimes, and further held, as relevant here, that the "desire for a confidential settlement cannot alone justify sealing." 121 F. Supp. 3d at 25. Likewise, in *Grynberg*, the Court denied a motion to seal exhibits after concluding that the parties' settlement

3

and confidentiality agreements, without more, were insufficient to overcome the presumption in favor of disclosure. 205 F. Supp. 3d at 4. The reasoning of *American Professional Agency* and *Grynberg* applies here. The parties' desire for confidentiality is insufficient, without more, to establish that sealing is appropriate.

Accordingly, it is hereby

**ORDERED** that the plaintiffs' Motion to File Complaint Under Seal is **DENIED**; and it is further

**ORDERED** that the Clerk is directed not to file the plaintiffs' Complaint until the plaintiffs submit notice that the motion to seal is withdrawn and the plaintiffs seek to proceed with filing the Complaint on the public docket.

Date: January 16, 2019

BERYL A. HOWELL
Chief Judge